Proceed, the next case on the docket is U.S. Bank Nat'l Assoc. v. Unknown Heirs, and I'd like to use... Oh, I need to take a break. I need to talk to you. Okay, we need to take a big break. I am sorry that we started this. Alright. We're back on the record when you're ready. You may approach. We have had a recusal of one of the justices. Now, what will happen is that there will be another justice appointed to the panel who will review the audio tapes. Certainly. Is that okay with you? We have no problem. Okay, thank you. So, now you can proceed. Thank you, Your Honor. You may please report. I'm Maureen Connolly here on behalf of plaintiff appellant U.S. Bank, and this is before you today for oral argument on the following issues. First, whether it was an abuse of discretion to deny the motion to reconsider dismissal of U.S. Bank's complaint under race judicata. Second, whether U.S. Bank had standing to file suit by way of the subject assignment attached to U.S. Bank's complaint. And third, whether it was an abuse of discretion to award attorney's fees under Illinois Supreme Court Rule 137. A brief description of the facts. In 2009, a mechanics lien was filed by 10 Jones Construction, which described only Lot 4, pardon me, Your Honor, Lot 5 at 14808 Moses Court in Benton, Illinois, and that's at 62812. In case number 2009, CH-28, the trial court allowed foreclosure on both parcels, and that was Lot 4 and Lot 5. On October 24, 2010, U.S. Bank sought foreclosure on a 2007 mortgage on Lot 4 only. U.S. Bank asserts that its complaint is not barred by race judicata. There was never an underlying claim for Lot 4, which should not have been foreclosed under the Mechanics Lien Act. Race judicata bars suit where there is final judgment with a court with confident jurisdiction with the same causes of action with the same parties. And as set forth in our brief under the Lester v. Arlington Heights case, for race judicata to apply, both causes of action must concern the same facts and evidence. For collateral estoppel to apply, the same parties must be involved with the same issue, which was necessarily or actually decided by a court of confidence jurisdiction in a prior case by clear and convincing evidence. As also as cited in the brief under Banco Popular v. Sanuga, in that case the court held that race judicata and collateral estoppel did not apply and did not bar a subsequent foreclosure, where there were two different but related foreclosures because the properties were cross-collateralized, but the cases involved different properties and different primary loans, so the claims and issues were not identical. Under the Mechanics Lien Act, if the contract relates to two or more buildings, those buildings may be included in one complaint. And here only one lot was included in the Mechanics Lien description, so the lien applied only to Lot 5 and not to Lot 4. On the second issue regarding whether U.S. Bank has standing, it has standing under the foregoing arguments and because of the assignment attached to the complaint, which transfers the rights and interests of the predecessor, and for that we cited HSBC v. Williams in our brief. Regarding whether there was an abuse of discretion to grant attorney's fees under Illinois Supreme Court Rule 137, U.S. Bank asserts that it was based on the foregoing argument that the argument was not based in bad faith or on untrue facts, and for that proposition we cited Grandis v. Springs soft water conditioning. Therefore, we are respectfully requesting that the orders dismissing U.S. Bank's complaint foreclosure on Lot 4 and the order awarding attorney's fees be reversed and remanded. Thank you, Ms. Connelly, for your arguments. We'll take the matter under advisement. Thank you so much. Thank you. We'll take another brief recess.